IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Jamar Tyron Scott,        )  | |
|    Petitioner,     ) | |
| )  | |
| v.                        )  | 1:10cv1127 (AJT/TRJ) |
| )  | |
| Loretta Kelly,            )  | |
|    Respondent.    )  | |

MEMORANDUM OPINION

Jamar Tyron Scott, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his convictions in the Circuit Court for the City of Richmond, Virginia of armed robbery, attempted robbery, use of a firearm in the commission of a felony, use of a firearm with intent to rob, and second degree murder. Respondent filed a Motion to Dismiss and Rule 5 Answer, with a supporting brief and numerous exhibits. Scott was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a reply. For the reasons that follow, Scott's claims must be dismissed.

I. Background

On August 30, 2006 at approximately 6:00 a.m. in the City of Richmond, Sandra Robinson saw a white boxy car parked near her home on the 3000 block of East Marshall Street. See Ct. of App., April 30, 2008, at 1, ECF No. 12-3. Robinson saw two men from the car approach a third man, with one man walking on the sidewalk and the other man walking on the road. The next time Robinson looked, the two men were walking back toward the white car. The two men then turned and approached the third man a second time, again with one man walking on the road and the other man walking on the sidewalk. Robinson saw the man walking

on the sidewalk squat by a red car, then heard several gunshots. Id. She saw the shooter run to the white car and get in the passenger's side. Id. at 2.

The third man was identified as Holt Smith. Id. at 1. He sustained six gunshot wounds, including one close range wound. A medical examiner determined that the gun was angled downward at the time of the shooting. Id. at 2. When Sergeant Minton responded to the scene, he found the contents of Smith's backpack strewn on the sidewalk and Smith's empty wallet under a nearby car. Minton also recovered three .25 caliber casings from the scene. Id.

At approximately 6:20 a.m. on August 30, 2006, Eugene Gass exited his home, which was near where Smith had been shot. A white car approached and Scott, who was armed with a small black handgun, exited the driver's side of the car. Id. at 2. Scott walked up to Gass, told Gass not to look at him, covered his own face with his shirt, put a gun between Gass's eyes, and demanded money. Id. at 4. He took a five-dollar bill from Gass's wallet, and then threw the wallet on the ground. Scott returned to the white car and drove away toward a cemetery. Id. at 2.

A police officer saw a white boxy car in the cemetery, and also saw two men running. Police officers on the ground and in the air followed the men, Scott and Tyquan Lynch, who were apprehended at approximately 7:25 a.m. at a nearby gas station. Lynch discarded a .38 caliber pistol behind the gas station, and Scott threw a black .25 caliber handgun on the ground. Scott had a five-dollar bill in his pocket at the time he was apprehended. Id. at 2.

The five bullets recovered from Smith's body as well as the three casings that were recovered from the murder scene had been fired from the .25 caliber handgun that Scott threw to the ground. Robinson and Gass stated that the car in the cemetery appeared to be the car used in the crimes. Scott's fingerprints were recovered from the driver's side of the car and Lynch's fingerprints were recovered from the passenger's side. Id.

On May 2, 2007, a jury convicted Scott of armed robbery, attempted robbery, use of a firearm in the commission of a felony, use of a firearm with intent to rob, and second degree murder. Commonwealth v. Scott, Case Nos. CR06-F-4300, CR06-F-4301, CR06-F-4302, CR06-F-4303, CR06-F-4304, CR06-F-4305. The court sentenced him to life imprisonment plus thirty-eight years on July 16, 2007. Scott pursued a direct appeal to the Court of Appeals of Virginia arguing that (1) the evidence was insufficient to prove he was the person who shot Holt Smith, (2) the evidence was insufficient to prove an intent to rob Smith to support the conviction of attempted robbery, (3) the trial court erred by denying his motion to set aside the verdict, and (4) the trial judge erred by imposing a sentence that was above the guidelines. The Court of Appeals denied the petition for appeal on April 30, 2008. Scott v. Commonwealth, R. No. 1901-07-2 (Va. Ct. App. April 30, 2008), ECF No. 12-3. On November 5, 2008, the Supreme Court of Virginia refused Scott's petition for appeal. Scott v. Commonwealth, R. No. 081047 (Va. Nov. 5, 2008), ECF No. 12-4.

Scott then filed a petition for writ of habeas corpus in the Circuit Court for the City of Richmond, claiming that

> (A) He received ineffective assistance of counsel when his attorney (1) failed to argue one of his charges, (2) failed to argue that Scott was not tested for gun powder residue when he was arrested and the weapon was not tested for fingerprints, (3) failed to argue that the eyewitness said the shooter was on the passenger's side and Scott's fingerprints were found on the driver's side, (4) failed to file a motion for reconsideration or sentence reduction, (5) failed to specify grounds in the motion to set aside the verdict, (6) failed to argue that the Commonwealth's witness gave inconsistent testimony, (7) did not consider Scott's input during appeals.
>
> (B) The trial judge abused her discretion when she sentenced Scott above the guidelines and gave insufficient reasons for the departure.

The court dismissed the petition on June 28, 2010. Jamar Tyron Scott v. Loretta Kelly, Case No. CL09-4863-5, ECF No. 12-5. Scott appealed to the Supreme Court of Virginia, which

refused the appeal on September 22, 2010. <u>Jamar Tyron Scott v. Loretta Kelly</u>, R. No. 101515, ECF No. 12-6. On September 29, 2010, Scott filed the instant federal habeas petition, arguing that

(A) He received ineffective assistance of counsel when his attorney (1) failed to argue one of his charges, (2) failed to argue that the eyewitness said the shooter was on the passenger's side and Scott's fingerprints were found on the driver's side, (3) failed to argue that Scott was not tested for gun powder residue when he was arrested and the weapon was not tested for fingerprints, (4) failed to specify grounds in the motion to set aside the verdict, and (5) failed to argue that the Commonwealth's witness gave inconsistent testimony.

(B) The trial judge abused her discretion when she sentenced Scott above the guidelines and gave insufficient reasons for the departure.

(C) His rights under the Sixth Amendment were violated because the armed robbery and use of a firearm charges should have been tried separately from all other charges.

## II. Exhaustion

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. Failure to exhaust all claims requires dismissal of the claims to allow the petitioner to first present his claims to the appropriate state courts. See 28 U.S.C. § 2254(b); <u>Granberry v Greer</u>, 481 U.S. 129 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Thus, a petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., <u>Duncan v. Henry</u>, 513 U.S. 364 (1995).

The record demonstrates that Scott never presented claim (C), asserting that his rights under the Sixth Amendment were violated when all of the charges were tried together, to the

4

Supreme Court of Virginia. Claim (C) would now also be barred by the prohibition against successive state habeas petitions. See Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition.").

Respondent raised the issue of exhaustion in the memorandum in support of the motion to dismiss by noting that Scott had never presented claim (C) in state court. Scott was given an opportunity to file a reply, and he did not specifically address this issue. Because claim (C) has never been presented to the Supreme Court of Virginia and would now be barred by the clear language of Va. Code § 8.01-654(B)(2), the exhaustion requirement has not been satisfied, and cannot be satisfied, thereby precluding federal review. See Bassette v. Thompson, 915 F.2d 932, 937 (4th Cir. 1990). Accordingly, claim (C) will be dismissed.

### III. Procedural Default

Claims (A) and (B) are barred from federal review as a result of the Supreme Court of Virginia's finding of procedural default. A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

Here, the Supreme Court of Virginia dismissed petitioner's claims (A) and (B) as defaulted pursuant to Rule 5:17(c), which requires appellate litigants to brief assignments of

error or risk waiver. Rule 5:17(c) constitutes an independent and adequate state ground for denying relief. See Hedrick v. True, 443 F.3d 342, 360-63 (4th Cir. 2006) (affirming the dismissal of a claim that was procedurally defaulted pursuant to Rule 5:17(c)). Respondent raised the issue of procedural default in the memorandum in support of the motion to dismiss. Scott used his opportunity to file a reply, but he did not make any arguments addressing this issue. See Yeatts v. Angelone, 166 F.3d at 261-62. Scott has thus failed to show cause for his procedural default, and the Court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that the court should not consider the issue of prejudice in the absence of cause to avoid the risk of reaching an alternative holding), cert. denied, 517 U.S. 1171 (1996). Scott has also failed to demonstrate that dismissing these claims as procedurally defaulted would result in a fundamental miscarriage of justice. Therefore, claims (A) and (B) will be dismissed.

### IV. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Order shall issue.

Entered this 12th day of August 2011.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge